UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIRGINIA LYNN, an individual

    Plaintiff,

v.                                                   Case No: 2:15-cv-161-FtM-38DNF

LEE MEMORIAL HEALTH SYSTEM,

    Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #16) filed on June 19, 2015. Plaintiff filed a response in opposition on June 30, 2015. (Doc. #17). This matter is ripe for review.

#### Background

Plaintiff Virginia Lynn filed a four count amended complaint against Defendant Lee Memorial Health System ("LMHS") on June 5, 2015. (Doc. #13). According to the operative Complaint, Lynn began working for LMHS on October 22, 2012, as a grant coordinator and administrative specialist. (Doc. #13, at ¶9). Lynn received positive work reviews and was qualified for her job. (Doc. #13, at ¶¶10, 14).

Lynn is a member of a protected class because she is associated with her daughter, a person with disabilities. (Doc. #13, at ¶11). Since Lynn used leave to care for

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

her daughter, LMHS was aware of her daughter's disability and regarded Lynn as disabled. (Doc. #13, at ¶¶12, 15, 20).

At some point, Lynn used approved leave in order to care for her daughter. (Doc. #13, at ¶16). While she was on leave, LMHS filled Lynn's position with someone else. (Doc. #13, at ¶16). When LMHS filled her position, it did not terminate Lynn. (Doc. #13, at ¶16). LMHS, however, advised Lynn to apply for a new position within LMHS. (Doc. #13, at ¶17). Lynn applied for new positions within LMHS, but was unable to secure a position. (Doc. #13, at ¶¶17-18). Lynn was eventually terminated from LMHS in 2014. (Doc. #13, at ¶19).

Lynn alleges LMHS terminated and retaliated against her for using her leave to care for her daughter and being associated with a person with a disability in violation of the Family and Medical Leave Act ("FMLA"), Americans with Disability Act ("ADA"), and Florida Civil Rights Act ("FCRA"). (Doc. #13, at ¶¶18, 20-21). The counts in the Complaint are: Violation of the ADA (Count I); Violation of the FCRA – Disability Discrimination (Count II); Violation of the FMLA – Interference (Count III); and Violation of the FMLA – Retaliation (Count IV). Now, LMHS moves to dismiss Lynn's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Standard

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Under Rule 8 of the Federal Rules of Civil Procedure, stating a claim upon which relief may be granted requires that enough factual matter is pled to make

relief plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 561–63 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although detailed factual allegations are not required, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. Id. at 561–63. Thus, a complaint must state more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). Additionally, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Id. (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). Accordingly, the facts as pled must state a claim for relief that is plausible on the face of the pleading. Id. (citing Iqbal, 556 U.S. at 678).

### Discussion

**I.    ADA – (Count I)**

The ADA prohibits employers from discriminating against qualified employees on the basis of disability in relation to job application procedures, hiring, advancement, or discharge. See 42 U.S.C. § 12112(a); Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000). The law also prohibits discrimination based on an employee's association, such as a familial association, with a disabled person. 42 U.S.C. § 12112(b)(4); Rocky v. Coumbia Lawnwood Reg'l Med. Ctr., 54 F.Supp.2d 1159, 1164 (S.D. Fla. 1999) (citations omitted). To allege a *prima facie* case of associational disability discrimination, a plaintiff must allege at all relevant times (1) she was qualified for the job; (2) she was subjected to an adverse employment action; (3) she was known by her employer to have an

association with a disability; and (4) there were circumstances raising a reasonable inference that her association with a disability was a determining factor in the employer's adverse employment action. Rocky, 54 F.Supp.2d at 1166 (citations omitted).

LMHS argues Lynn's complaint fails because she does not properly identify the alleged discriminatory acts. LMHS argues to the extent Lynn alleges it violated the law by not accommodating her with leave or holding her job, her claims are not supported under existing law. See Rocky, 54 F.Supp.2d at 1165 (citation omitted). In addition, LMHS argues that to the extent Lynn attempts to assert a failure to hire claim, Lynn has not alleged the appropriate elements. See generally E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002). LMHS also argues Lynn should at least allege facts associated with expense avoidance, disability by association, or distraction to allege a proper failure to accommodate or hire claim. See Gonzalez v. Wells Fargo Bank, N.A., No. 12-80937-CIV, 2013 WL 5435789, at *10 (S.D. Fla. Sept. 27, 2013).

Upon consideration, the Court understands LMHS's argument because Lynn failed to label what kind of discrimination claim she was alleging in her Complaint. Nonetheless, a plain review of the Complaint reveals Lynn alleges she was qualified for her job, she was subjected to an adverse employment action, her association with a disability through her daughter was known to LMHS, and there were circumstances raising a reasonable inference that LMHS retaliated against her in light of her association with a disability. Thus, Lynn has properly alleged an ADA associational disability claim. Lynn's response to the instant Motion clarifies that she intends to allege an associational disability claim only. LMHS's arguments as they relate to other possible ADA claims such as failure to hire are now moot. The Motion is denied as it relates to Lynn's ADA claim.

## II. FCRA – Disability Discrimination (Count II)

LMHS argues Lynn's FCRA claim should be dismissed because FCRA does not contain a prohibition against associational disability discrimination. That is, LMHS argues there is no provision in the FCRA that is parallel to the ADA's associational disability provision. See 42 U.S.C. § 12112(b)(4); cf. Fla. Stat. § 760.01; see also Gonzalez, 2013 WL 5435789, at *8 (noting the FCRA contains "no comparable express prohibition against associational disability discrimination" as the ADA).

Upon consideration, the Court agrees. Although FCRA and ADA disability discrimination claims are analyzed under the same framework, these statutes are not identical. See Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255 (11th Cir. 2007) (noting disability claims under the FCRA and ADA are analyzed under the same framework); but see Stansell v. Revolutionary Armed Forces of Colombia, 704 F.3d 910, 915 (11th Cir. 2013) ("a statue's plain language controls unless it is inescapably ambiguous"). Thus, violations of the ADA are not automatic violations of the FCRA. Here, since the FCRA does not have a mirror associational disability discrimination provision, there is no viable claim pursuant to the FCRA. The Motion is granted as it relates to Lynn's FCRA claim.

## III. FMLA – Interference and Retaliation (Counts III and IV)

LMHS takes issue with Lynn's FMLA claims because Lynn did not work for LMHS for at least one year before taking leave in light of her daughter's condition. That is, according to Lynn's Complaint she began working for LMHS on October 22, 2012, and stopped working for LMHS to care for her daughter prior to September 26, 2013. (Doc. #13, at ¶¶9, 16). Therefore, based on the allegations Lynn at best worked for LMHS for

11 months and four days. Since the leave at issue took place before Lynn worked a full year at LMHS, LMHS argues Lynn is not protected by the FMLA.

Upon consideration, the Court finds LMHS's argument persuasive. The FMLA only protects employees who have performed at least one year of service and 1,250 hours within the previous 12 months. Since Lynn admits in the operative Complaint that she worked for LMHS less than a year, Lynn's FMLA interference and retaliation claims fail as a matter of law. See Coleman v. Court of Appeals of Md., 132 S.Ct. 1327, 1346-47 (2012) (explaining that the FMLA "is limited to employees who have worked at least one year for the employer and at least 1,250 hours during the past year) (citing 29 U.S.C. §§ 2611(2)(A), 2612(c)(1)). Whatever leave Lynn used before September 26, 2013, could not possibly be protected by the FMLA because she had not worked for LMHS for at least one year.[2] Whatever actions LMHS performed in relation to Lynn's leave could not be considered interference or retaliations pursuant to the FMLA. The Motion is granted as it relates to Lynn's FMLA claims.

Accordingly, it is now **ORDERED**:

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #16) is **GRANTED in part** and **DENIED in part**. Plaintiff's Count 2, 3, and 4 are **DISMISSED with prejudice**. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida, this 4th day of August, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] As an aside, according to the Complaint, Lynn did not perform work for LMHS from 2013 to 2014. Thus, it is possible when LMHS terminated Lynn in 2014, she did not have the 1,250 hours in the past 12 months to make her eligible for FMLA protection at that time also.